**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| AARON PIERCE, )<br> )<br>     Plaintiff, )<br> )<br>vs. )<br> )<br> )<br>ILLINOIS DEPARTMENT OF )<br>CORRECTIONS, LT. HUFLER, ROB )<br>JEFFREY, and PINCKNEYVILLE )<br>CORRECTIONAL CENTER, )<br> )<br>     Defendants. ) | Case No. 20-cv-721-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Aaron Pierce, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Amended Complaint (Doc. 10),[1] Plaintiff alleges that Lieutenant Hufler used excessive force against him in violation of the Eighth Amendment. He also alleges a state law assault and battery claim. Plaintiff seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

---

[1] On January 23, 2020, Plaintiff filed his original Complaint against IDOC (Doc.1). On July 30, 2020, he filed an Amended Complaint (Doc. 10) adding additional defendants.

1

granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 10): On May 19, 2020, Plaintiff was removed from his cell for what he believed was a meeting with a mental health provider (Doc. 10, p. 6). Instead, he was taken to an interview room where he was assaulted by Hufler for three to four minutes (*Id.*). He later informed his mental health provider who informed internal affairs. Pictures of his injuries were taken, he was provided with medical care, and an investigation was launched by internal affairs. After the assault, he asked to be placed in protective custody for his safety and to be transferred from the prison.

## Preliminary Dismissals

Plaintiff names IDOC as a defendant, as well as Pinckneyville Correctional Center. Plaintiff cannot maintain his suit against IDOC because it is a state agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.,* 931 F.2d 425, 427 (7th Cir.1991) (same); *Santiago v. Lane,* 894 F.2d 219, 220 n. 3 (7th Cir.1990) (same). Similarly, Plaintiff cannot maintain his claim against Pinckneyville because it is a division of the IDOC, a state government agency. Based on this authority, IDOC and Pinckneyville are not "person[s]" within the meaning of the Civil Rights Act and shall be dismissed from this action. *See Will,* 491 U.S. at 71.

Plaintiff also identifies "Rob Jeffery" as a defendant in the caption of his Amended Complaint but fails to include any allegations against him in the statement of his claim.[2] He fails to allege any personal involvement in the assault by Jeffreys and, thus, fails to state a claim against Jeffreys. To the extent Plaintiff seeks injunctive relief, however, Rob Jeffreys will remain in the case—in his official capacity only—for the purpose of implementing any injunctive relief awarded.

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** Eighth Amendment excessive force claim against Hufler for the May 19, 2020 assault.
>
> **Count 2:** State law assault and battery claim against Hufler.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[3]

At this stage, Plaintiff states a viable excessive force claim against Hufler in Count 1. *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). To the extent Plaintiff also alleges tort claims for assault and battery, these state law claims are based on the same facts that support the excessive force claim in Count 1. Thus, Plaintiff may also proceed with Count 2. *See e.g. Shea v. Winnebago*

---

[2] The Court takes judicial notice that the correct name of IDOC's Director is Rob Jeffreys.
[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Cty. Sheriff's Dep't*, 746 F. App'x 541, 548 (7th Cir. 2018) (discussing assault and battery under Illinois law).

## Pending Request for Transfer

On August 18, 2020, Plaintiff submitted a letter to the Court indicating that he feared for his safety at Pinckneyville (Doc. 13). He stated that his life was threatened since filing the current lawsuit. He also stated that he was awaiting a transfer to another prison for safety reasons, but the transfer was currently on hold. Plaintiff asked the Court if he could file a motion requesting an immediate transfer.

To the extent that Plaintiff believes that his safety is currently at issue, he can file a motion seeking a preliminary injunction. He has not done so at this time. But given the concerning allegations in the letter and his indication that he is supposed to be transferred for security reasons, the Court will serve Rob Jeffreys (official capacity only) and **DIRECT** an expedited response to Plaintiff's letter. Response is due on or before **September 2, 2020**. The Court will also set the matter for a status conference to determine the status of his transfer request. Status conference will be set by separate order.

## Motion for Counsel

As to his motion for counsel (Doc. 9), Plaintiff indicates that he is disabled, mentally handicapped, does not go to the law library, and is on lockdown. But he fails to indicate whether he has tried to obtain counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-5 (7th Cir. 2007). Accordingly, his request for counsel is **DENIED**. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from

the attorneys who declined representation. Plaintiff should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

## Disposition

For the reasons stated above, Counts 1 and 2 shall proceed against Hufler. Rob Jeffreys will remain in the case (official capacity only) for the purpose of implementing any injunctive relief awarded but any individual capacity claims against him are **DISMISSED without prejudice**. IDOC and Pinckneyville Correctional Center are **DISMISSED with prejudice**.

The Clerk of Court shall prepare for Defendants Lieutenant Hufler and Rob Jeffreys (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  8/19/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your amended complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**